UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BRECHEEN,

    Plaintiff,

v.                                                              Case No. 8:18-cv-2002-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for DIB and SSI (Tr. 216-30). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 90-91, 98-109, 117-37). Plaintiff then requested an administrative hearing (Tr. 138-39). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 38-77). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

claims for benefits (Tr. 21-37). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7).

Plaintiff then appealed the decision to the district court. During the proceedings in the district court, the Commissioner requested that the case be remanded to the Commissioner for further action under sentence four of 42 U.S.C. § 405(g), which the district court granted (Tr. 587-91). Specifically, the district court remanded the case to the Commissioner with the following instructions:

> On remand, the Administrative Law Judge will: 1) develop the record; 2) further evaluate the Plaintiff's residual functional capacity in accordance with Social Security Ruling 96-8p; 3) evaluate the opinion of the State agency consultant, Dr. Baltazar, and the vocational specialist, Mr[.] Hinson, and specify the weight given to this opinion evidence; and 4) if necessary, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base.

(Tr. 587).

Upon remand, the Appeals Council vacated the ALJ's decision and directed that the case be remanded back to an ALJ to address the issues identified by the district court and to offer Plaintiff the opportunity for another administrative hearing (Tr. 592-97). The ALJ subsequently conducted the administrative hearing (Tr. 761-803). After conducting the hearing and considering the evidence, the ALJ rendered an unfavorable decision finding Plaintiff not disabled (Tr. 485-504). Plaintiff again requested review from the Appeals Council, but the Appeals Council declined jurisdiction (Tr. 479-84). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1962, claimed disability beginning May 2, 2009 (Tr. 218, 222). Plaintiff has a high school education (Tr. 766). Plaintiff's past relevant work experience included work as a building maintenance repairer and a dump truck driver (Tr. 793-94).

Plaintiff alleged disability due to back pain due to a previous fracture, migraines, and pain and numbness in his left leg (Tr. 260).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2014 and that Plaintiff had not engaged in substantial gainful activity since May 2, 2009, the alleged onset date (Tr. 491). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: low back and left leg pain, remote back injury with surgical correction, and headaches (Tr. 491). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 491). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; frequently balance, kneel, and crawl; occasionally stoop and crouch; must avoid concentrated exposure to vibration and noise; and would need a sit/stand option permitting the change of position every hour without risk of going off task (Tr. 492). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 493).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 494). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cashier, small parts

assembler, and inspector/packer (Tr. 495). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 496).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a).[2] Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot

---

[2] The cited references to the regulations pertain to those in effect at the time the decision was rendered.

perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by failing to properly develop the record regarding Plaintiff's ability to perform other work. Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007); 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ has this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record") (citation omitted).

As noted above, the ALJ determined that Plaintiff retained the RFC to perform light work, except that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; frequently balance, kneel, and crawl; occasionally stoop and crouch; must avoid concentrated

exposure to vibration and noise; and would need a sit/stand option permitting the change of position every hour without risk of going off task (Tr. 492). Given Plaintiff's RFC, the ALJ concluded that Plaintiff did not maintain the ability to perform his past relevant work (Tr. 494-95). As a result, the ALJ asked the VE whether other jobs existed in the national economy that a hypothetical individual with Plaintiff's age, education, work experience, and RFC could perform. In response, the VE indicated that such individual could perform the requirements of representative occupations, such as a (1) cashier, for which there exist approximately 50,000 jobs in the national economy; (2) small parts assembler, for which there exist approximately 20,000 jobs in the national economy; and (3) inspector/packer, for which there exist approximately 8,000 jobs in the national economy (Tr. 496, 795-800). Based on the VE's testimony, the ALJ found at step five that Plaintiff maintained the ability to perform the jobs identified by the VE and, thus, that Plaintiff was not disabled. Plaintiff argues that the ALJ's finding at step five was in error and required further development by the ALJ. Namely, Plaintiff contends that the ALJ failed to properly ascertain whether the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT").

During the administrative hearing, the ALJ asked the VE whether his testimony was consistent with the DOT, and the VE indicated that the only inconsistency resulted from the sit/stand option, as the DOT does not include a sit/stand option (Tr. 800). The VE further indicated that his testimony was based on experience from professional observation and from working with other VEs and agencies (Tr. 800). Plaintiff argues that the ALJ's inquiry did not suffice as an apparent conflict existed between the VE's testimony and the DOT. Specifically, Plaintiff asserts that the RFC's limitation to avoid concentrated exposure to noise conflicts with the DOT's job characterizations for the small parts assembler and for the inspector/packer

7

positions, each of which identify the noise level as loud for those positions. *See* U.S. Dep't of Labor, DOT §§ 706.684-022 & 559.687-074 (4th ed., rev. 1991).

Recently, in *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018), the Eleventh Circuit discussed the ALJ's duty under Social Security Ruling 00-4p ("SSR 00-4p"), 2000 WL 1898704 (Dec. 4, 2000), to resolve conflicts between the DOT and VE evidence. In doing so, the Eleventh Circuit indicated:

> After careful review, we conclude that, pursuant to the terms of the Ruling, and in light of the overall regulatory scheme that governs disability claims, the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them. This duty requires more of the ALJ than simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified, the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict. The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence.

*Id.* at 1356. An "apparent conflict" means a conflict "reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out to not be the case." *Id.*

Here, Plaintiff contends that a comparison of the RFC limitation to avoid concentrated exposure to noise and the positions identified by the VE involving loud noises, *i.e.* the small parts assembler and inspector/packer, demonstrates an apparent conflict. According to Appendix D of the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, a noise intensity level classified as "loud" involves sounds such as a can manufacturing department, large earth-moving equipment, and heavy traffic. SCODICOT App. D (Westlaw). Given that definition, and despite the Commissioner's argument to the contrary, a VE's finding that a claimant can perform jobs involving loud noises despite a limitation to avoid concentrated exposure to noise could present a conflict.

The Court need not make that determination in this instance, however, because, as the Commissioner contends, the ALJ also concluded that Plaintiff could perform the requirements of a cashier (Tr. 496, 795-802). Under the DOT definition, the cashier position involves only moderate noise levels, which includes noises such as a business office where typewriters are used, department stores, grocery stores, light traffic, or fast-food restaurants at off-hours. *See* U.S. Dep't of Labor, DOT § 211.462-010; SCODICOT App. D. Plaintiff does not contend that he could not perform the job requirements of a cashier nor that the job requirements of the cashier, including the noise level, conflict with the RFC finding or the DOT. Indeed, nothing in the record demonstrates any conflict.

Rather, the VE's testimony regarding Plaintiff's ability to perform the requirements of the cashier position comport with the RFC and the DOT, except to the extent identified, explained, and accounted for by the VE regarding the sit/stand option. In considering the RFC and the downward adjustment for inclusion of the sit/stand option, the VE testified that 50,000 cashier positions existed nationally (Tr. 799-800). As the Commissioner asserts, the finding that Plaintiff maintained the ability to perform the job of cashier, which was available in significant numbers, provided substantial evidence to support the ALJ's finding at step five. *See, e.g.*, *Teague v. Comm'r of Soc. Sec.*, 743 F. App'x 410, 412 (11th Cir. 2018) (noting that the Eleventh Circuit previously "upheld a finding that 174 small appliance repairment positions in the area in which the claimant resided, 1,600 general appliance repair jobs in Georgia, and 80,000 jobs nationwide established the existence of work in significant numbers.") (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934-35 (11th Cir. 2015) (finding that a VE's testimony that 440 jobs in the state and 23,800 jobs nationally constituted work existing in significant numbers in the national economy and provided substantial evidence for a finding that the plaintiff was not disabled); *see also* 20

C.F.R. §§ 404.1566, 416.966. Accordingly, the ALJ applied the proper legal standards, and the decision was supported by substantial evidence.

**IV.**

After consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 28th day of August, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record